**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION**

| | | | |
|---|---|---|---|
| GLADYS YARBORO BARNETTE LLOYD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No: | 3:12-cv-00210 |
| | ) | | |
| THE CHUBB CORPORATION, FEDERAL | ) | | |
| INSURANCE COMPANY, FLUOR EMPLOYEE | ) | | |
| GROUP ACCIDENTAL DEATH & | ) | | |
| DISMEMBERMENT PLAN, and, FLUOR | ) | | |
| EMPLOYEE BENEFIT TRUST PLAN, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**DEFENDANTS, FEDERAL INSURANCE COMPANY AND FLOUR EMPLOYEE BENEFIT TRUST PLAN'S, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, TO THE EXTENT ALLEGED, PLAINTIFF'S CLAIMS FOR BREACH OF FIDUCIARY DUTY AND BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING UNDER STATE LAW, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Kathleen A. Sweitzer (Admitted *Pro Hac Vice*)
Illinois Bar No. 6230373
Hilary R. Zimmer (Admitted *Pro Hac Vice*)
Illinois Bar No. 6291930
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
Telephone: (312) 627-4000
Facsimile: (312) 627-1717
ksweitzer@tresslerllp.com
hzimmer@tresslerllp.com

*Attorneys for Defendants Federal Insurance
Company and Flour Employee Benefit Trust
Plan*

**LOCAL RULE 7.1(b) STATEMENT OF FACTUAL AND LEGAL GROUNDS
JUSTIFYING RELIEF SOUGHT BY DEFENDANTS**

1.      Plaintiff's claims for breach of fiduciary duty are merely disguised claims for benefits from an ERISA plan.

2.      Plaintiff is seeking money damages as a result of a breach of fiduciary duty, which cannot be maintained under ERISA.

3.      Plaintiff can obtain all necessary relief under 29 U.S.C. § 1132(a)(1)(B), thus, her breach of fiduciary duty claim is not appropriate pursuant to *Varity v. Howe*, 516 U.S. 489 (1996).

4.      Plaintiff is not seeking "appropriate equitable relief" entitling her to maintain a cause of action under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty.  *Great West Life v. Knudson*, 534 U.S. 204 (2002).

5.      Plaintiff's claims of state law breach of good faith and fair dealing are preempted by ERISA.  *Osborne v. Hartford Life and Accident Ins. Co.*, No. 02-2140 B, 2005 U.S. Dist. LEXIS 43429 (W.D. TN. Feb. 28, 2005).

NOW COME Defendants, Federal Insurance Company and Flour Employee Benefit Trust Plan (incorrectly sued as Fluor Employee Group Accidental Death & Dismemberment Plan), hereinafter collectively "Defendants," by and through their attorneys, Tressler LLP, and for their Memorandum in Support of Motion to Dismiss, to the extent alleged, Plaintiff's Claims for Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing Under State Law, pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

## I.   **INTRODUCTION**

On May 1, 2012, Plaintiff, Gladys Yarboro Barnette Lloyd ("Plaintiff"), filed a Complaint ("Complaint") against Defendants[1] alleging violations of ERISA (29 U.S.C. § 1001 *et seq*.).  The Complaint includes one count against all defendants: "First Cause of Action for Plan Benefits Against All Defendants Pursuant to 29 U.S.C. §§ 1132(a)(1)(B)."  Plaintiff seeks benefits from a plan providing accidental death and dismemberment benefits, which is funded by a policy of insurance issued by Federal Insurance Company.  Plaintiff requests the following relief from all Defendants: (1) A finding in favor of Plaintiff against all Defendants; (2) Damages in the amount equal to the amount of benefits due under the Plan to which Plaintiff was entitled, for unpaid benefits pursuant to 29 U.S.C. §1132(a)(1)(B); (3) Prejudgment and post judgment interest; (4) An Order requiring Defendants to pay any continuing benefits available under the Plan in the future; and (5) Plaintiff's reasonable attorney fees and costs.

---

[1]     The Parties have agreed that Defendants, Fluor Employee Group Accidental Death & Dismemberment Plan and The Chubb Corporation, should be dismissed pursuant to stipulation, which will be filed with this Court.

In the Complaint, Plaintiff alleges "[a]s fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest." Plaintiff further seeks monetary damages equal to the amount of Plan benefits as relief for Defendants alleged breach of fiduciary duties. (Doc. No. 1, ¶¶ 35-37). Therefore, Plaintiff's Complaint as appears to seek monetary relief under 29 U.S.C. § 1132(a)(3). However, because Plaintiff could obtain all necessary relief under 29 U.S.C. § 1132(a)(1)(B) in the form of benefits owed under the Plan, a breach of fiduciary duty claim under Section 1132(a)(3) cannot be maintained pursuant to *Varity v. Howe*, 516 U.S. 489 (1996). Thus, any claims of breach of fiduciary duty must be dismissed with prejudice. Even if the Complaint could be construed as seeking something other than benefits, dismissal is still appropriate pursuant to *Great West Life v. Knudson*, 534 U.S. 204 (2002), because Plaintiff is not seeking "appropriate equitable relief" entitling her to maintain a cause of action under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty. Additionally, to the extent Plaintiff brings a claim under state law for the breach of good faith and fair dealing, such claims are preempted by ERISA and must be dismissed.

## II.  STATEMENT OF FACTS

In the Complaint, Plaintiff alleges that her son, William Sallee[2] ("Sallee") was a participant in a plan that was sponsored by his employer, Flour Corporation, and funded by a policy issued Federal Insurance Company ("Federal Policy"). Doc. No. 1, ¶¶ 11, 12. Plaintiff alleges that Sallee was insured under the Plan for $1 million dollars in the event of his accidental death, as the term is defined by the Federal Policy, as well as any additional amounts

---

[2]  The Complaint refers to Plaintiff's son as "Sallie." However, all documentation in Defendants' possession indicates his name is actually "Sallee."

specified by the Federal Policy.  *Id*. at ¶ 13.  Plaintiff alleges that she is the sole beneficiary under the Plan in the event of Sallee's death as she is the sole designated beneficiary and/or the first surviving party eligible for benefits under the Plan.  *Id*. at ¶ 14.  Plaintiff alleges Sallee died while covered by the Plan and his death was caused by an accidental prescription drug overdose sustained on or about May 19, 2009.  *Id*. at ¶¶ 15-16.  Plaintiff alleges she timely filed an application for benefits under the Plan, which was denied by Defendants.  *Id*. at ¶¶ 17-18.

Plaintiff alleges the Defendants failed to provide benefits due under the terms of the Plan, and the denial constitutes a breach of the Plan.  Plaintiff further alleges that "[a]s ERISA fiduciaries, *Defendants owed the Plaintiff fiduciary duties*, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest" and that "[t]he *Defendants violated the fiduciary duties owed to the Plaintiff*." *Id*. at ¶¶ 28, 35-36 (emphasis added).  As a direct and proximate result of this conduct, Plaintiff has been damaged.  *Id.* at ¶37.

### III. ARGUMENT

#### A.    Standard For A Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court will accept as true the facts as the plaintiff has pleaded them.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573 (2007).  A court may grant a motion to dismiss if it is clear that no relief is available under any set of facts that could be proved consistent with the allegations of the complaint.  *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984).

### B. Any Claims For Breach Of Fiduciary Duty Are Merely Disguised Claims For Benefits

In 1996, the Supreme Court resolved a split in the circuits and determined that 29 U.S.C. § 1132 (a)(3) of ERISA supported a cause of action for individual relief for breach of fiduciary duty. *Varity*, 516 U.S. at 512. The Supreme Court determined that Section 1132(a)(3) was a catchall provision that could be utilized for certain violations of ERISA that did not come under the other subsections of Section 1132, the enforcement section. However, the *Varity* Court also held that that a participant cannot seek relief under Section 1132(a)(3) if the alleged violations are adequately remedied under other provisions of Section 1132. In responding to fears that every benefit claim would be transformed into a breach of fiduciary duty claim, the Court indicated, "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Varity*, 516 U.S. at 515.

In a closely analogous case, the Sixth Circuit has followed the holding of *Varity*. In *Wilkins v. Baptist Healthcare Systems, Inc.*, 150 F.3d 609 (6th Cir. 1998), the court held that the Supreme Court was clear that Section 1132(a)(3) was limited to relief for participants who could not avail themselves of the other remedies of Section 1132. *Id.* at 615. In *Wilkins*, just as in the instant case, the plaintiff complained that he was due benefits under Section 1132(a)(1)(B) and also alleged the failure to provide such benefits was a breach of fiduciary duty enforceable under Section 1132(a)(3). The *Wilkins* court, in following *Varity*, was clear that such an action for breach of fiduciary duty could not be maintained in light of the available remedy under Section 1132(a)(1)(B). *Id.*

In this case, Plaintiff alleges, "Defendants failed to provide benefits due under the terms of the PLAN, and this denial of benefits to Plaintiff constitutes a breach of the PLAN." Doc. No. 1, ¶ 28. Plaintiff further alleges "Defendants violated the fiduciary duties owed to the Plaintiff." *Id*. at ¶ 36. Clearly, Plaintiff is merely "shoehorning" her claim for benefits into a claim for breach of fiduciary duty. At the end of the day, Plaintiff's only claim is for allegedly unpaid benefits. Because Plaintiff could obtain all relief she needs under Section 1132(a)(1)(B), which is clearly articulated in her prayer for relief, a breach of fiduciary duty claim is not appropriate. Under both *Wilkins* and *Varity*, dismissal with prejudice of any claims for breach of fiduciary duty is appropriate.

**C.      Plaintiff Is Merely Seeking Money Damages As A Result Of Any Alleged Breach Of Fiduciary Duty, Which Cannot Be Maintained Under ERISA**

Even if the Complaint could be construed as seeking something other than benefits, dismissal is still appropriate because Plaintiff is not seeking "appropriate equitable relief" entitling her to maintain a cause of action under Section 1132(a)(3)[3] for a breach of fiduciary duty. Section 1132(a)(3) allows a participant, beneficiary (or fiduciary) to bring a cause of action "(A) to enjoin any act or practice which violates any provision of this title or the terms the plan, or (B) to obtain other *appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provision of this title or the terms of the plan." (Emphasis added).

---

[3]      Although this provision is not specifically cited by Plaintiff, it is the section she necessarily invokes to obtain individual relief for Defendants' alleged breach of their fiduciary duties. Plaintiff cannot utilize Section 1132(a)(2) in her individual claim for benefits. *See Loren v. Blue Cross & Blue Shield of Mich.,* 505 F.3d 598, 608 (6th Cir. 2007) ("Plaintiffs cannot bring suit under § 1132(a)(2) to recover personal damages for misconduct, but rather must seek recovery on behalf of a plan.").

In *Great West Life v. Knudson*, *supra*, the Supreme Court laid the groundwork to determine exactly what Congress meant by the term "appropriate equitable relief." In *Great West Life*, the insurance company was seeking to recover benefits it had provided to Knudson pursuant to a plan reimbursement provision because she had recovered those same monetary benefits in a third party tort suit. The Court held that to recover under Section 1132(a)(3) of ERISA, the relief must be "equitable" and "appropriate" as indicated by the exact language of the statute. *Great West Life,* 534 U.S. at 210. The Court stated that "suits seeking to compel defendant to pay a sum of money to the plaintiff are suits for 'money damages' [citation omitted] and 'money damages' are, of course, the classic form of *legal* relief." *Id.* at 210 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (U.S. 1993)) (emphasis in original).

The Supreme Court found that Great West Life was seeking the personal judgment of a type of legal restitution. This was so because Knudson did not have possession of the funds Great West Life paid her as those funds had presumably been used to pay for medical services she needed. Therefore, Great West Life was not seeking appropriate equitable relief in the form of restitution that could give the court jurisdiction to hear the case under Section 1132(a)(3). *Id.* at 715. Hence, Great West Life had no cause of action under Section 1132(a)(3).

The Sixth Circuit has also applied the reasoning of *Great West Life*. In *Caffey v. Unum Life Insurance Co.,* 302 F.3d 576 (6th Cir. 2002), the court held that pursuant to *Great West Life*, equitable relief meant identifiable funds held by the defendant for which plaintiff sought return. *Id.* (quoting *Great West Life*, 534 U.S. at 715).

In this case, Plaintiff does not seek return of any identifiable funds; she merely seeks a money judgment against Defendants for the amount she thinks she is owed as benefits. This is

exactly the type of money damages that *Great West Life* indicated was not appropriate equitable relief. In addition, any other type of relief sought by Plaintiff, *i.e.*, an order requiring Defendants to pay any continuing benefits available under the Plan in the future[4], is merely seeking payment of benefits, or payment of benefits in advance. Under *Great West Life*, Plaintiff never had "title" to any specific funds held by Defendants. She merely wants money damages, just as Great West Life did. Such relief sought is not equitable. As a result, Plaintiff's claim for breach of fiduciary duty is prohibited under both *Wilkins* and *Great West Life*.

   D.    **To The Extent Plaintiff Claims Violations Under State Law Of The Duty To Deal In Good Faith, Such Claim Cannot Be Maintained Under ERISA**

      Plaintiff's Complaint alleges a violation of fiduciary duties, including "an obligation of good faith and fair dealing." To the extent Plaintiff alleges a violation of the obligation of good faith and fair dealing under Tennessee law, such claims are preempted by ERISA and must be dismissed. *See Osborne v. Hartford Life and Accident Ins. Co.*, No. 02-2140 B, 2005 U.S. Dist. LEXIS 43429, at *11-12 (W.D. TN. Feb. 28, 2005) (Plaintiff included in his complaint an action under Tennessee law for breach of the duty of good faith and fair dealing and the court found that those claims "clearly 'relate to' the policy for purposes of ERISA, and therefore, are

---

      [4]   An award of future benefits not yet accrued violates ERISA's purely compensatory remedial scheme. *See Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 620 (6th Cir. 1998) (finding that an award of interest calculated on the present value of future benefits would overcompensate the plaintiff because the plaintiff was not yet entitled to the benefit). Furthermore, no ERISA provision permits the court to predict the future in order to fashion appropriate relief under the statute. Given that the circumstances affecting a claimant's eligibility for benefits may change, the insurance plan's administrator retains the authority to evaluate continuing eligibility. *See, e.g., Welsh v. Burlington Employee Benefits Plan,* 54 F.3d 1331, 1340 (8th Cir. 1995).

preempted by ERISA" and that "to the extent any assertions other than those under ERISA are before the Court, those claims are DISMISSED.").

IV.     **CONCLUSION**

Because Plaintiff's claims for breach of fiduciary duty are merely a disguised claim for benefits, any claims of breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) should be dismissed with prejudice.  In addition, Plaintiff's claim for breach of fiduciary duty must be dismissed with prejudice as only money damages are sought.  Finally, in the event Plaintiff claims violations of the duty of good faith and fair dealing under state law, such claims are preempted by ERISA and must be dismissed with prejudice.

Dated:  June 29, 2012          Respectfully submitted,

By:  s/Hilary R. Zimmer
Kathleen A. Sweitzer (Admitted *Pro Hac Vice*)
Illinois Bar No. 6230373
Hilary R. Zimmer (Admitted *Pro Hac Vice*)
Illinois Bar No. 6291930
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
Telephone:  (312) 627-4000
Facsimile:   (312) 627-1717
ksweitzer@tresslerllp.com
hzimmer@tresslerllp.com

*Attorneys for Defendants Federal Insurance Company and Flour Employee Benefit Trust Plan*

541661

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 29, 2012 I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

                         Scott Wilson
                         Eric Buchanan & Associates, PLLC
                         414 McCallie Avenue
                         Chattanooga, Tennessee 37402
                         Ph: 423-634-2506
                         Fax: 423-634-2525
                         swilson@buchanandisability.com

By: s/ Hilary R. Zimmer_____