UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GLADYS YARBORO BARNETTE LLOYD, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:12-cv-210 |
| | ) | (Phillips/Guyton) |
| FEDERAL INSURANCE COMPANY, et al, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

**I.　Introduction**

This matter is before the Court on the Defendant's Motion to Dismiss. [Doc. 9]. This suit was brought by the Plaintiff, Gldys Yarboro Barnette Lloyd, alleging that the Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA").The Defendants move to partially dismiss the Complaint as it relates to the Plaintiff's claims for breach of fiduciary duty and breach of good faith and fair dealing. [Doc. 9]. The Plaintiff argues that "Plaintiff never made an independent breach of fiduciary duty claim, nor did Plaintiff make any state law claim for bad faith..." [Doc. 12 at 1]. For the reasons that will follow, the Defendants' Motion is **DENIED.**

**II.　Jurisdiction**

This Court notes that it has federal question jurisdiction over this matter as the Plaintiff asserts claims pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e). Furthermore, The ERISA statute, 29 U.S.C. § 1133, provides that this Court has judicial review of internal or

1

administrative decisions once the internal avenues of appeal have been exhausted therein—as is the present case.

**III.     Statement of Facts**

For the purposes of the present Motion, the following facts are derived from the Complaint [Doc. 1]. The Federal Insurance Company ("Federal Insurance"), a subsidiary of The Chubb Corporation ("Chubb"), is the insurance company which issued policy number 9906-19-39, which insures benefits due under the Fluor Employee Group Accidental Death & Dismemberment Plan ("AD&D Plan"), a component program of the Fluor Employee Benefit Trust Plan ("Fluor Employee Plan"); collectively, ("the Plan").

The Plaintiff's son, William Sallie, was employed by Flour Corporation, and a potential beneficiary of the Plan. Federal Insurance and/or Chubb is the party obligated to pay benefits and to determine eligibility for benefits under the Plan. William Edgar Sallie, Jr. ("the deceased" or "Mr. Sallie") was insured under the Plan for $1,000,000.00 in the event of accidental death, as that term is defined by the policy, as well as additional amounts as specified by the policy. The Plaintiff is the sole beneficiary under the Plan in the event of Mr. Sallie's death.Mr. Sallie died while covered by the Plan by an accidental prescription drug overdose on May 19, 2009.

After Mr. Sallie's death, the Plaintiff filed an application for benefits but was denied by the Defendants. The Plaintiff appealed the claim until exhausting the required Plan appeals. The Plaintiff argues that "the Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits." [Doc. 1 at ¶ 20]. The Plaintiff argues that "the entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out

2

Case 3:12-cv-00210    Document 23    Filed 03/20/13    Page 2 of 5    PageID #: 139

of its own funds." The Plaintiff filed the present action seeking to recover the benefits due to the beneficiary of the Plan pursuant to 29 U.S.C. § 132(a)(1)(b).

IV.   Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Complaint and the attached documents [Doc. 1], the Motion to Dismiss [Doc. 9], the Response in Opposition to the Defendants' Motion to Dismiss [Doc. 12], and the Defendants'

<mark>3</mark>

Reply to the Response in Opposition [Doc. 13] without converting this Motion to Dismiss into a Motion for Summary Judgment.

The Defendants have moved to partially dismiss the Complaint as it relates to the Plaintiff's claims for breach of fiduciary duty and breach of good faith and fair dealing under state law. [Doc. 9]. The Plaintiff argues that "Plaintiff never made an independent breach of fiduciary duty claim, nor did Plaintiff make any state law claim for bad faith insurance practices." [Doc. 12 at 1]. The Defendant notes that "Counsel for Defendants requested on two separate occasions [prior to filing the Motion and prior to filing this Reply] if Plaintiff would be willing to stipulate that she is not brining causes of action under 29 U.S.C. § 1132(a)(2) and (a)(3) of ERISA and a cause of action for breach of the duty of good faith and fair dealing under Tennessee state law. On both occasions, Plaintiff would not agree to this stipulation." [Doc 13. at 2].

The Court agrees with the Defendant that the Complaint is confusing. The Complaint reads that "As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing….[the Plaintiff did not receive] full and complete information, and a decision-making process free of influence by self-interest….The Defendants violated the fiduciary duties owed to the Plaintiff…" [Doc 1 at ¶ 35-36]. However, in the Plaintiff's Response in Opposition to the Defendants' Motion to Dismiss, the Plaintiff writes that it "does not seek additional remedies for breach of fiduciary duties or bad faith insurance practices," but that it only asserts a cause of action under ERISA. [Doc. 12 at 2].

At this juncture in the proceedings, the Court does not believe that the record has been sufficiently developed to support a motion to dismiss. Furthermore, since the Plaintiff repeatedly emphasizes that it has not asserting independent state law causes of action, the Court finds that a

4

Motion to Dismiss [Doc. 9] is improper at this stage and is accordingly **DENIED**. However, the Court agrees that the Complaint is not sufficiently clear; consequently, the Plaintiff is given leave to file an amended complaint to fix the deficiencies that will undoubtedly arise in the near future. The amended complaint should clearly state the elements of its ERISA claim and avoid ambiguous language that is associated with state law causes of action which unfairly deny the Defendants the ability to recognize the Plaintiff's arguments and to respond appropriately.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge