UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GLADYS YARBORO BARNETTE LLOYD, )
)
      Plaintiff, )
) No. 3:12-CV-210
v. ) (VARLAN/GUYTON)
)
FEDERAL INSURANCE CO. and )
FLUOR EMPLOYEE BENEFIT TRUST PLAN, )
)
      Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel the Complete Administrative Record [Doc. 31]. In support of her Motion to Compel, Plaintiff moves the Court to order the Defendants to produce documents beyond the over twenty-five hundred pages filed as the Administrative Record in this case. [Doc. 32 at 2; see Doc. 29-1 through Doc. 29-9]. Plaintiff cites the Court to the general rule that a court should consider all of the facts known to the plan administrator at the time of his or her decision. [Id. at 3 (citing Yeager v. Reliance Std. Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996))]. Plaintiff states that she does not know what portions of the Administrative Record could be missing, but she moves the Court to order the Defendants to produce all facts known to them at the time they made their decision on Plaintiff's claim.

Defendants respond that the Administrative Record provided to the Court and the Plaintiff "contains *everything* reviewed, considered, submitted, relied upon or used by the

Committee in any way *with respect to the adjudication of the claim* and the determination that Ms. Lloyd was not entitled to benefits under the Plan, and the denial of her appeal of that determination." [Doc. 34 at 3]. Defendants have submitted the Affidavit of Neil A. Huber [Doc. 34-1 at 2-3], which attests to the same. The Defendants maintain that Plaintiff has brought forth no evidence to suggest that the Administrative Record is incomplete, and they note that she has been given over a year to gather any additional evidence that she believes should be part of the Administrative Record. [Doc. 34 at 3, 8].

In her Reply, the Plaintiff argues that she cannot determine what the Defendants are withholding from the Administrative Record, without the Defendants producing such documents to the Plaintiff. [Doc. 36 at 2]. Plaintiff argues that she is not seeking discovery, but she argues she seeks all the documents that were in Defendants' possession and relate to this claim. [Id.].

The Court of Appeals for the Sixth Circuit has stated the steps a court is to undertake in adjudicating an ERISA claim:

> 1. As to the merits of the action, the district court should conduct a *de novo* review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.
>
> 2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619-20 (6th Cir. 1998). The review is limited to the administrative record, which consists of the facts known to the plan administrator

at the time of the decision. Judge v. Metro. Life Ins. Co., 710 F.3d 651, 658 (6th Cir. 2013) (citing Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996)).

In this case, the Court finds that the Defendants have unequivocally certified that the Administrative Record contains everything reviewed, considered, submitted, relied upon, or used by the Administrator with respect to the adjudication and determination of Plaintiff's claim. Plaintiff has not submitted a sworn statement to undermine this certification, and the Plaintiff has failed to identify any document or type of document that she believes is missing from the Administrative Record. Moreover, the Court finds that the Plaintiff has been afforded a sufficient opportunity to submit any additional evidence that she believes should be included in the Administrative Record. Accordingly, the Court finds that the Plaintiff has not shown good cause for compelling the Defendants to produce any additional documents.

In addition, the Court finds that the Plaintiff's Motion to Compel does not argue that the documents Plaintiff seeks are relevant to an allegation of due process or bias. Stated differently, the Plaintiff has not argued that the evidence would be offered in support of a procedural challenge to the administrator's decision. Thus, the Court finds that the exception that will allow for discovery beyond the Administrative Record is not applicable to the instant decision. In this regard, the Court further finds that Defendants are not obligated to produce a privilege log, as there is no issue of discovery outside of the administrative record.

Based upon the foregoing, the Court finds that the Plaintiff's Motion to Compel **[Doc. 31]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge